UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARTIN BONITO RODRIGUEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Social Security,<br><br>        Defendant. | Case No. CV 14-03731 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for social security disability insurance and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are summarized in the Joint Stipulation. [See JS 2-3]. Plaintiff was 46 years old on the date of the ALJ's decision and alleged that he became disabled on October 12, 2011. [AR 12, 16]. In an October 3, 2012 written hearing decision that constitutes the Commissioner's final decision in this matter, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work and therefore could perform his past relevant work as a food preparer and cashier. Accordingly, the ALJ concluded that plaintiff was not disabled at any time through the date of his decision. [Administrative

Record ("AR") 12-20].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Treichler v. Comm'r, Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Statement of Disputed Issues

The only disputed issue is whether the ALJ made a properly supported credibility finding. [JS 4-15].

## Discussion

**Credibility finding**

Plaintiff contends that the ALJ failed to articulate legally sufficient reasons supporting his negative credibility finding.

Once a disability claimant produces evidence of an underlying physical or mental impairment that could reasonably be expected to produce the pain or other subjective symptoms alleged, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Absent affirmative evidence of malingering, the ALJ must then provide specific, clear and convincing reasons for rejecting a claimant's subjective complaints. Treichler, 775 F.3d at 1102; Vasquez v. Astrue, 547 F.3d 1101, 1105 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160-1161 (9th Cir. 2008). The

ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness, and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the claimant to relieve pain or other symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as: (8) the claimant's reputation for truthfulness; (9) inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's subjective symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the claimant's symptoms. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

During the hearing, plaintiff was represented by counsel and testified on his own behalf. Plaintiff testified that he could not stand for long periods or work due to constant pain in his feet related to his diabetes, which he said was uncontrolled. Plaintiff also complained of pain in his left leg and arm and hearing loss in one ear. [AR 16, 51-52]. He had been prescribed a hearing aid but said he was not using it during the hearing because it wasn't working, and he did not have insurance to replace it. [AR 52-53]. In his disability reports, plaintiff also said that he could not work due to numbness in his hands and feet, sores on his feet, high cholesterol, high blood pressure, limited mobility, and trouble sleeping. [AR 16, 173,

193]. Plaintiff testified that he took medication for cholesterol, high blood pressure, diabetes, and pain, and that his pain medication made him drowsy. [AR 54-55].

The ALJ found that plaintiff had severe impairments consisting of a back disorder, diabetes mellitus, and arthritis, but that plaintiff's allegations as to the intensity, duration and functionally limiting effects of those impairments were not fully credible. [AR 17].

First, the ALJ noted that although plaintiff had been diagnosed and treated for diabetes, back pain, and arthritis, his treatment consisted of routine follow up care, medication management, and advice to follow a diabetic diet. The ALJ pointed to a lack of evidence that plaintiff underwent additional treatment, evaluation, or imaging studies for his back complaints, or that he was prescribed physical therapy or other treatment for that condition. [AR 17]. The ALJ also observed that plaintiff's diabetes appeared to be controlled when he was compliant with his oral medications[1], as noted in a treatment report predating plaintiff's alleged onset date, and that a 2011 treating source note indicated that he was noncompliant with his diabetes medication and had been taking a friend's diabetes medication (Metformin) at a dosage he could not recall. [AR 17, 205-207, 295-297]. Plaintiff contends that his pain treatment was not conservative because he was prescribed gabapentin for pain control and did not rely solely on over-the-counter medication.[2] Although reliance on over-the-counter medication is a form of conservative treatment, an ALJ may rationally conclude that using prescription medications is conservative in light of a claimant's allegations of disabling pain or other symptoms. Here, the ALJ permissibly discounted plaintiff's subjective complaints based on his history of generally conservative treatment as well as evidence of plaintiff's noncompliance with prescribed treatment. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)

---

[1] During the hearing, plaintiff testified that he was still prescribed oral medication for his diabetes rather than insulin. [AR 51-52].

[2] Gabapentin (also sold under the brand name Neurontin) is used to help control certain types of epileptic seizures and to relieve the pain of postherpetic neuralgia. It is also used in certain patients with diabetic peripheral neuropathy. See Mayo Clinic website, available at http://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/description/DRG-20064011 (last visited Nov. 30, 2015).

4

(holding that the ALJ permissibly inferred that the claimant's "pain was not as all-disabling as he reported in light of the fact that he did not seek an aggressive treatment program" and "responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset") (citing Parra v. Astrue, 481 F.3d 742, 750–751 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment")); Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("Our case law is clear that is a claimant complains about disabling pain but . . . fails to follow prescribed treatment[] for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.") (citing Fair, 885 F.2d at 603 (stating that an ALJ may discredit an allegation of disabling pain based on "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment")); Warre v. Comm'r of the Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2005) ("Impairments that can be controlled effectively with medication are not disabling."); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (holding that the ALJ properly rejected the claimant's testimony because he did not use "Codeine or Morphine based analgesics that are commonly prescribed for severe and unremitting pain"); Edginton v. Colvin, 2015 WL 5108729, at *1 (9th Cir. Sept. 1, 2015) (holding that where the claimant "was generally treated with medications and an electronic transcutaneous electrical nerve stimulation unit for his condition," the ALJ "properly identified [the claimant's] conservative treatment for his alleged disabling pain as a specific, clear, and convincing reason for doubting [the claimant's] credibility concerning the intensity of the pain").

Second, the ALJ noted that there were inconsistencies between the alleged severity of plaintiff's subjective symptoms and objective and clinical medical evidence in the record. Imaging studies of his left foot and left shoulder conducted to assess "pain/arthralgia" showed evidence of "minimal degenerative arthritis" and a small plantar osteophyte in the left foot, with "unremarkable" soft tissues; the left shoulder study was suggestive of calcific tendinitis, but was otherwise normal. [AR 17-19, 252-253]. See Parra, 481 F.3d at 740 (holding that the ALJ permissibly discounted the claimant's complaints of bursitis-related knee pain based on laboratory tests showing knee function within normal limits). The Commissioner's

consultative examining internist, Dr. Golcheh, found that plaintiff's range of motion was normal in all of his joints except his left shoulder. An x-ray of his plaintiff's shoulder, however, was normal. Plaintiff's muscle strength was normal ("5/5") in all extremities except his left upper extremity ("4/5"). Plaintiff had decreased sensation in his lower extremities. Deep tendon reflexes were intact. His gait was slightly antalgic. Dr. Golcheh's impression was hypertension, diabetes with diabetic neuropathy, and left shoulder arthritis. He opined that plaintiff retained the RFC to perform the full range of light work. [AR 18, 216-220]. The ALJ was entitled to rely on these objective and clinical findings to reject the alleged severity of plaintiff's subjective complaints. See Burch, 400 F.3d at 681 (holding that the ALJ permissibly considered the lack of objective medical evidence as one factor in his credibility analysis and did not err in discrediting the claimant's pain testimony where the evidence showed inconsistent treatment and gaps in treatment for allegedly disabling conditions).

Third, the ALJ pointed to medical opinion evidence that undermined the credibility of plaintiff's subjective allegations of disabling symptoms. Dr. Golcheh, whose impression was hypertension, diabetes with diabetic neuropathy, and left shoulder arthritis, opined that plaintiff retained the RFC to perform the full range of light work. [AR 18, 216-220]. Dr. Wilson, a nonexamining state agency physician, also concluded that plaintiff could meet the exertional demands of light work. [AR 17-18, 79-88]. In June 2010, one of plaintiff's treating physicians, Dr. Riaz, wrote a letter to plaintiff's employer stating that he should be able to return to work full-time without any restrictions. Dr. Riaz also wrote a note on a prescription pad stating that plaintiff could return to work on August 19, 2010 with "no restrictions." [AR 19, 295, 297]. Although Dr. Riaz's opinion predated plaintiff's alleged onset date by about 14 months, the record does not contain medical evidence suggesting that plaintiff's medical condition changed dramatically during that period. Therefore, the ALJ reasonably drew an adverse inference regarding plaintiff's credibility from the opinions of Drs. Golcheh, Wilson, and Riaz. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (holding that the ALJ properly rejected the claimant's pain testimony based, in part, on an examining physician's opinion that the claimant was not disabled); Light, 119 F.3d at 792 (stating that the ALJ may consider information from physicians regarding the nature and effect of a claimant's symptoms).

The ALJ also asserted that "the evidence as to [plaintiff's] daily activities" supported his credibility finding and RFC assessment. [AR 19]. Since the ALJ did not specify the evidence of plaintiff's daily activities he relied upon, he erred in relying on plaintiff's daily activities to support his credibility finding. See Brown-Hunter v. Colvin, — F.3d —, 2015 WL 6684997, at *5 (9th Cir. Nov. 3, 2015) (stating that the ALJ must specifically identify any testimony found not credible and the evidence that undermines that testimony). Where, as here, an ALJ provides legally sufficient reasons supporting his credibility determination, the ALJ's reliance on erroneous reasons is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion . . . ." Carmickle, 533 F.3d at 1162 (internal quotation marks, ellipsis, and alteration omitted). The ALJ articulated other legally sufficient reasons for his adverse credibility finding. Therefore, any reliance on plaintiff's daily activities was harmless.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED**

February 10, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge

7